SULLIVAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 15 — January 28, 1890.*

CRIMINAL LAW AND PRACTICE. *(1) Special venire: Disqualification of sheriff. (2) Instructions to jury: Credibility of witnesses. (3) Keeping bawdy-house: Evidence.*

1. The fact that the sheriff was liable to be called as a witness for the state in a criminal action, and had knowledge of facts damaging to the defendant, did not disqualify him to serve a special *venire.*
2. In the absence of a request, the omission to instruct the jury as to the credibility of a witness who is a self-confessed criminal, is not error.
3. In a prosecution for keeping a bawdy-house, testimony tending to show that a few days before the accused was arrested he was traveling on a railroad on his way to the house in question; that he had with him two women, whom he admitted to be prostitutes; and that he said he was taking them to such house,— was properly admitted.

ERROR to the Circuit Court for *Ashland* County.

The plaintiff in error was tried in the circuit court of Ashland county, and convicted upon an information charging in due form that on December 25, 1888, and at divers other times between that day and January 23, 1889, he kept a house of ill fame in that county, resorted to for the purposes of prostitution and lewdness, and that at the times aforesaid he set up and kept a common bawdy-house and brothel. A motion for a new trial was denied, and the court adjudged and sentenced him to two years' imprisonment in the state-prison. He has sued out a writ of error to obtain a review of such judgment by this court. The facts of the case, essential to an understanding of the errors alleged as grounds for a reversal of the judgment, are stated in the opinion.

For the plaintiff in error there was a brief by *Lennon & Sleight*, and oral argument by *P. G. Lennon.* To the point that it was the duty of the court, even if not requested to do so, to caution the jury as to the weight to be given to the testimony of an accomplice, such as the witness McAuley, they cited 2 Thomp. Trials, sec. 2427; *Hunnicutt v. State*, 18 Tex. App. 500, 522; *Howell v. State*, 16 id. 93; *Winn v. State*, 15 id. 169; *Powell v. State*, id. 441; *Dunn v. State*, id. 560; *Zollicoffer v. State*, 16 id. 312; *Fuller v. State*, 19 id. 380; *Coffelt v. State*, id. 436; *State v. Williamson*, 42 Conn. 261; *State v. Kellerman*, 14 Kans. 137.

The *Attorney General*, for the defendant in error, argued, *inter alia*, that while it is regarded as proper for the court to caution the jury not to convict upon the testimony of an accomplice alone, the failure to do so is not sufficient error to authorize an appellate court to set aside a verdict. *Reg. v. Stubbs*, 7 Cox C. C. 48; 1 Greenl. Evi. (14th ed.), 380; *State v. Litchfield*, 58 Me. 267.

LYON, J.    1. Ten of the twelve jurors before whom the plaintiff in error was tried, and by whom he was convicted,

were summoned by the sheriff of Ashland county on a special *venire*, and of course were selected by him. A motion to discharge the special *venire* for the alleged reason that "the sheriff who selected and summoned said jurors is a material witness" was denied by the court. It does not appear at what stage in the trial this motion was made. Error is alleged on the denial of the motion.

The sheriff was examined as a witness on the trial, and gave testimony material to the case of the state; yet we do not understand the mere circumstance that he was liable to be called as a witness, and had knowledge of facts which would make against the accused if he should be so called and should testify to such facts, disqualified him from serving the special *venire*. We are aware of no such rule of law. So far as the record shows, the sheriff stood entirely indifferent between the state and the accused. He was not the prosecutor, and nothing appears which raises the slightest suspicion that he was hostile to the accused, or felt any bias or prejudice against him.

2. The main defense to which the testimony of the plaintiff in error was mostly directed was that the house in question was kept by a woman named McAuley, and that the accused was not concerned with her as the keeper of the house, but was merely employed by her as her bartender therein. McAuley testified on the trial that she kept the house until the last of November, 1888, when she left the state and remained absent therefrom until about the time the accused was arrested. She was under arrest at the time of the trial for a like offense, was called as a witness by the state, and testified positively to the guilt of the accused as charged in the information. No instruction was given the jury, and none was asked, as to the credibility of this woman, who was a self-confessed criminal. The omission to instruct the jury on the subject of the weight and value of her testimony is assigned as error. We think such omission was not error. All that the judge could have properly

said would have been that the jury should receive the testimony of the woman with caution, and should scrutinize it closely before giving credence to it.  But the woman confessed her own infamy in the presence of the jury, and they doubtless understood the effect of her confession upon her credibility, and treated her testimony just as they would had the court instructed them as above suggested.  Besides, there was ample evidence to justify a conviction of the accused without her testimony.

But how the jury may have regarded her testimony is immaterial to the question under consideration, for there is no rule in this state which requires the judge, unasked, to comment to the jury on the credibility of witnesses. The farthest this court has gone in that direction was the ruling in *Conners v. State*, 47 Wis. 523, that proposed instructions in a criminal case which aimed to state correct and pertinent propositions of law, not given in the general charge, but which instructions were inaccurately drawn, should have been given with the proper corrections.  We have no such case here.

3. Testimony on behalf of the state was received, under objection, which tends to show that a few days before the accused was arrested he was traveling on a railroad on his way to the house in question; that he had with him two women; and that he said he was taking them to such house.  He testified that these women were prostitutes. The admission of this testimony is claimed to be error. We think the testimony was properly admitted, because it tended to show that he was the keeper of the house, and that the same was a bawdy-house.  Indeed, it was very strong evidence in that direction, if the jury gave credit to it.

Although numerous exceptions were taken on the trial in behalf of the accused, only those herein considered were urged on the argument and in the brief of counsel as

grounds for reversal. We think neither of these is well taken.

*By the Court.*— The judgment of the circuit court is affirmed.