O'Keefe, Plaintiff in error, vs. The State, Defendant in error.

*March 17—April 11, 1922.*

*Criminal law: Taking indecent liberties: Informations: Amendment to charge lesser offense: Necessity of further preliminary examination: Trial: Change of venue: Discretion of court: Uncorroborated testimony of complaining witness.*

1. Under secs. 2829, 4653, and 4673, Stats., where the defendant was given a preliminary hearing on a charge of assault with intent to rape and an information for that offense was filed, and four months before the trial the district attorney filed an amended information for taking indecent liberties with a female under the age of sixteen years, based on the same state of facts, the rights of the defendant were not prejudiced, and a plea in abatement on the ground that there had been no preliminary examination on the offense charged in the amended information was properly overruled.

2. Where the evidence on the trial raised an issue of veracity between defendant and the complaining witness, the jury had a right to believe the state's witness.

3. The denial of a change of venue asked for on the ground of local prejudice and supported only by defendant's affidavit cannot be disturbed where there is nothing to indicate that the court had abused its discretion.

Error to review a judgment of the circuit court for Ozaukee county: Martin L. Lueck, Circuit Judge. *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was convicted of an offense under sec. 4588a, Stats. (taking indecent liberties with a female under the age of sixteen), and brings writ of error to review the judgment.

The cause was submitted for the plaintiff in error on the brief of *W. J. Kershaw* of Milwaukee, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Albert W. Grady,* special district attorney of Ozaukee county.

Owen, J.   The evidence on behalf of the state shows that on the 23d day of July, 1918, the defendant called at

a farm house in Ozaukee county for the purpose of soliciting subscriptions to a religious magazine. The complaining witness, a female under the age of sixteen, was alone in the house. During the course of his visit he took indecent liberties with her, the details of which will not be recited. He was arrested upon a charge of assault with intent to commit rape. A preliminary hearing was had and he was bound over to the circuit court.

On the 31st day of August, 1918, the district attorney filed an information against him charging him with an assault with intent to commit rape. Thereafter, and on the 3d day of December, 1919, the district attorney filed an amended information charging him with the offense of taking indecent liberties with a female under the age of sixteen years, contrary to sec. 4588a of the Statutes. He was brought to trial upon this charge on the 15th day of April, 1920. He filed a plea in abatement claiming that he had never had a preliminary examination on the offense charged in the amended information. The plea in abatement was overruled, and this is the principal error assigned.

Sec. 4653, Stats., authorizes the district attorney "to inquire into and make full examination of all facts and circumstances connected with any case of preliminary examination as provided by law, . . . and file an information setting forth the crime committed, according to the facts ascertained on such examination and from the written testimony taken thereon, whether it be the offense charged in the complaint on which the examination was had or not."

Sec. 2829, Stats., provides that "the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In *Porath v. State*, 90 Wis. 527, 63 N. W. 1061, a preliminary examination was had on a complaint charging incest. An information was filed containing the counts of

incest and rape, and a conviction was had on the latter count. A plea in abatement was filed on the ground that no preliminary examination was had on this count.   In the opinion it was said:

"The facts disclosed upon the preliminary examination of the defendant warranted the district attorney in filing an information against the defendant for rape committed against the person of his daughter, and he had the right to add a count for the crime of incest, under sec. 4582, charged in the complaint on which the examination was held, to meet the legal aspects of the evidence as it might be produced at the trial. . . . Both counts were founded on the same transaction, and the defendant had in fact had a preliminary examination upon the charge of incest."

In the instant case the amended information was based on exactly the same state of facts constituting the misconduct for which the defendant was arrested, which was the subject of the inquiry at the preliminary examination, and which afforded the basis for the original information.   The amended information had no reference to any other misconduct on the part of the defendant.   Under the authority of *Porath v. State,* 90 Wis. 527, 63 N. W. 1061, the count set forth in the amended information might have been joined with the count in the original information.   More than four months elapsed between the filing of the amended information and the trial.

It is not perceived how the defendant's rights were in any manner prejudiced by the filing of the amended information.   It charged him with a less serious offense than that set forth in the original information.   It was founded on exactly the same state of facts which constituted the basis of the original information, and he was given ample time to prepare for trial upon the charge set forth in the amended information.   It would seem that the practice is justified by the spirit at least of the authority already alluded to, but,

if not, it certainly is authorized by sec. 4673, which pro-
vides:

"When it appears at any time before verdict or judgment
that a mistake has been made in charging the proper offense
the defendant shall not be discharged if there appears to be
good cause to detain him in custody, but the court may rec-
ognize him to answer to the offense and, if necessary, rec-
ognize the witnesses to appear and testify."

It is also suggested, but not very strenuously argued, that
the evidence on the part of the state, consisting only of the
testimony of the complaining witness, is insufficient to sus-
tain the judgment. It was a question of veracity between
the complaining witness and the defendant, and the jury had
a right to believe the state's witness. Convictions of more
serious offenses have been sustained upon practically the un-
supported testimony of one witness. *McLain v. State,* 159
Wis. 204, 206, 149 N. W. 771; *Skulhus v. State,* 159 Wis.
475, 150 N. W. 503. The contention cannot be sustained.

The defendant moved for a change of venue, basing the
motion upon his unsupported affidavit, because of the preju-
dice of the people of Ozaukee county, which motion was
denied. There is nothing to indicate that in denying the
motion the court abused its discretion, and the ruling can-
not be disturbed. *Krueger v. State,* 171 Wis. 566, 177 N.
W. 917.

*By the Court.*—Judgment affirmed.