FAULL, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 10—July 8, 1922.*

*Criminal law: Information: Violation of statutes relating to intoxicating liquor: Joinder of offenses: Preliminary hearing: Waiver: Evidence: Relevancy: Increased penalty for second offense: Conviction on different counts.*

1. Under sub. (27), sec. 1, ch. 441, Laws 1921, separate offenses for the sale of intoxicating liquor may be united in separate counts in one information, and defendant may be tried on all at one trial and a penalty for all offenses may be imposed.

2. The complaint having charged defendant with selling intoxicating liquor to a certain person on a certain day, evidence of a sale to another person on another day was inadmissible at the preliminary hearing.

3. Where a given transaction may constitute two or more offenses, the district attorney may frame his information so as to charge all the offenses which the evidence at the preliminary hearing may establish, whether or not they are charged in the complaint; but he cannot frame his information from evidence wholly unrelated to the transaction charged.

4. The right to a preliminary examination may be waived, and it is so waived where the defendant did not bring to the attention of the court, prior to the rendition of the verdict, the fact that no preliminary examination had been held.

5. By sub. (32), sec. 1, ch. 441, Laws 1921, providing for an additional penalty for a second offense, the legislature did not intend, by using the word "offense" in place of the word "conviction," to circumvent the well-established rule that an additional penalty cannot be imposed unless a prior conviction was alleged and proved, so as to authorize the additional penalty for a conviction on the second count of the same information as that on which the first was based.

6. Under secs. 4736–4738, Stats. 1917, sec. 4738a, Stats. 1921, and sec. 1550, Stats. 1913, authorizing more severe punishment for a subsequent conviction when a prior conviction is alleged in the indictment or information or ascertained by the court after conviction, it was error to construe a conviction under a second count of the information as a subsequent conviction and impose an additional penalty.

ERROR to review a judgment of the circuit court for Iowa county: S. E. SMALLEY, Circuit Judge. *Reversed.*

Plaintiff in error, hereinafter called the defendant, was arrested upon a warrant issued by a justice of the peace charging him with having on the 18th day of July, 1921, sold intoxicating liquors to one Joseph Gribble, contrary to the provisions of ch. 441 of the Laws of 1921. Upon the preliminary examination Gribble testified that he purchased one half pint of alcohol from the defendant on the 17th day of July. One Howard Rule also testified that he bought alcohol from the defendant on July 18th. This testimony was not in any way related to the sale to Gribble.

It seems to have been introduced as an independent, separate, and distinct transaction.

The defendant was bound over to the circuit court, where the district attorney filed an information against him containing two counts, the first charging him with the sale to Gribble on the 17th of July and the second with the sale to Rule on the 18th of July.

After the jury was impaneled the defendant moved to quash the information for the reason that it contained two counts specifically alleging two separate and, distinct offenses. This motion was overruled by the court. The defendant then moved that the district attorney be required to elect upon which count he would proceed, which motion was also overruled. The jury returned a verdict finding the defendant guilty upon both counts. The court imposed a sentence of two months in the county jail under the first count, adjudged that the conviction under the second count constituted a second and subsequent offense under ch. 441 of the Laws of 1921, and sentenced the defendant to two months in the county jail and imposed a fine of $250 under such second count. To review such sentence and judgment the defendant sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *McGeever & McGeever* of Dodgeville, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *R. T. Jackson,* district attorney of Iowa county.

OWEN, J. The defendant contends that the two counts were improperly joined. Sub. (27), sec. 1, of ch. 441 of the Laws of 1921, under which defendant was prosecuted, specifically provides that

"In any affidavit, complaint, information, or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed."

Faull v. State, 178 Wis. 66.

If there were any doubt as to whether two or more misdemeanors growing out of distinct and separate transactions could be joined in one information independent of statutory authorization, this provision of the statute would seem to settle the question, although it was said in *Boldt v. State,* 72 Wis. 7, 16, 38 N. W. 177, quoting from 1 Bishop, Crim. Proc. §§ 448, 452, that "Two or more misdemeanors growing out of separate and distinct transactions may, according to the doctrine which appears to prevail everywhere, be joined in the same indictment when embraced in different counts." The court properly overruled the motion to quash and for the same reason properly overruled the motion to compel the district attorney to elect upon which count he would proceed.

It is suggested in defendant's brief that no preliminary examination was had upon the second count. This is true. The complaint charged the sale to Gribble. Upon the preliminary examination one Howard Rule was permitted to testify that he purchased alcohol from the defendant on a different day and as a separate and distinct transaction. This evidence had no relation whatever to the offense charged in the complaint. It was inadmissible. *Fossdahl v. State,* 89 Wis. 482, 62 N. W. 185. While the district attorney may file an information against the accused for any offense which the evidence taken upon the examination shows that he has committed (*State v. Leicham,* 41 Wis. 565; *Porath v. State,* 90 Wis. 527, 63 N. W. 1061; *Dahlgren v. State,* 163 Wis. 141, 157 N. W. 531; *O'Keefe v. State,* 177 Wis. 64, 187 N. W. 656), it has never been held that a preliminary examination can be used for the purposes of a fishing expedition to enable the district attorney to discover what offenses the accused may have committed wholly unrelated to the transaction constituting the offense with which he is charged.

Where a given transaction may constitute two or more offenses the district attorney may frame his information

so as to meet the varying aspects of the evidence and charge one or all of the offenses which he believes the evidence may establish, whether or not it be the offense charged in the complaint. We find the rule well stated in *State v. Fields,* 70 Kan. 391, 395, 78 Pac. 833:

"The prosecutor, in preparing the information, may use many counts, varying in them the formal and non-essential matters of the crime. He may not add a new offense. To larceny he may not add robbery; nor to murder arson. Neither may he add to the larceny of one piece of property the larceny of another. He may not substitute one offense for another; but he may, by several counts, guard against the contingencies of the testimony."

We hold that the defendant did not have a preliminary examination on the second count.

But that the right to a preliminary examination may be waived by the accused is specifically held in *State v. Stewart,* 7 W. Va. 731, and is held, by the strongest inference, in *State v. Leicham,* 41 Wis. 565, where it is suggested that the proper practice is for the defendant to plead the want of examination, in abatement of the information, before pleading to the merits. We now hold that the question cannot be raised for the first time after verdict, and that, as the defense that the defendant did not have a preliminary examination on the second count was not brought to the attention of the court prior to the rendition of the verdict, he must be held to have waived that defense.

It is provided in sub. (32), sec. 1, ch. 441, Laws 1921, that punishment for a first offense under said chapter shall be a fine *or* imprisonment, and that for a second offense it shall be both fine *and* imprisonment. The trial court construed the conviction under the second count as a second or subsequent offense and sentenced the defendant to both fine and imprisonment. This is assigned as error. Sec. 1550, Stats. 1898, provided a more severe penalty in case of a second or any subsequent conviction of the same per-

son during any year.   In *Paetz v. State,* 129 Wis. 174, 107
N. W. 1090, it was held that in order to authorize the im-
position of the additional penalty it was necessary for the
information to charge a prior conviction.   The statute here
differs from the one under consideration in the *Paetz Case*
in this: by the statute of 1913, there under consideration,
the additional penalty was authorized in case of "a second
or any subsequent *conviction*," while the statute here au-
thorizes the additional penalty "for a second or subsequent
*offense.*"   But this is a difference of expression and not of
substance. ⋅ It is quite universally held that where a statute
imposes an additional penalty upon subsequent offenders
the prior conviction must be alleged in the indictment or
information, and it was held in *Comm. v. Harrington,* 130
Mass. 35, that a statute providing that it shall not be neces-
sary to allege such previous conviction is unconstitutional
and void.   There is no indication that by substituting the
word "offense" for the word "conviction" the legislature
attempted to circumvent the well settled principle of law
above referred to.   Inasmuch as the information did not
in the second count allege a prior offense or conviction, it
was not competent for the court to impose the additional
penalty.

In arriving at this conclusion we have not overlooked
the provisions of sec. 4738*a,* Stats.   Secs. 4736, 4737, and
4738, Stats., prior to 1919 authorized more severe punish-
ment for so-called repeaters where the prior conviction was
alleged in the indictment or information and proved upon
the trial.   By ch. 35, Laws 1919, such additional punish-
ment was authorized where the prior conviction was alleged
in the indictment or information *or ascertained by the court
after conviction;* and by sec. 4738*a,* created by that chap-
ter, the court is required to ascertain in every case of con-
viction whether the defendant has been previously con-
victed of any offense in any ‚court, and it is made the duty
of the district attorney and sheriff of the county to aid in

Faull v. State, 178 Wis. 66.

such investigation.   If the former conviction is not charged in the information or indictment and upon such investigation it appears that the defendant has been formerly convicted in any court, "the district attorney may in writing charge the defendant with such former conviction, and if the defendant denies such charge, the court shall proceed promptly to try the issue thereby formed, and, if demanded by the defendant, shall impanel a jury therefor."   This provision was no doubt for the purpose of giving the defendant a hearing upon the question of such former conviction, and implies that in the opinion of the legislature it is necessary to charge the defendant with such prior conviction either in the indictment or information or to present the question by a distinct charge after conviction.   Clearly the circumstances here under consideration do not fall within the letter of sec. 4738a, as that refers to a prior conviction. Neither does it fall within the spirit and purpose of the so-called repeater statutes, which are intended to apply to persistent violators who, experience has shown, do not respond to the restraining influence of criminal punishment. Reformation of the offender is a dominant purpose of criminal punishment, and until the offender has suffered the penalty of the law he is not within the spirit and purpose of statutory provisions intended for persistent and habitual violators.

*By the Court.*—The judgment of the circuit court upon the second count is reversed, and cause remanded with instructions to pronounce judgment upon the second count as and for a first offense.