PEPIN, Sheriff, Plaintiff in error, vs. STATE EX REL. CHAMBERS, Defendant in error.

*February 8—March 5, 1935.*

The cause was submitted for the plaintiff in error on the brief of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant in error on that of *Farr & MacLeod* of Eau Claire.

WICKHEM, J.    The first question raised is whether a writ of error lies.   Sec. 358.12, sub. (3), Stats., provides that a

writ of error may be taken on behalf of the state in criminal cases, "from any final order or judgment, adverse to the state, made or rendered before jeopardy has attached." It is contended that jeopardy here attached on October 25, 1932, when defendant was arraigned and a witness sworn for the state for the reason that the complaint is sufficient to charge a misdemeanor under sec. 343.41, and the county court had jurisdiction to try defendant for this offense. Sec. 343.41 penalizes as a misdemeanor the making of a designedly false statement in writing with reference to assets or liabilities, or both, for the purpose of procuring credit in any form, provided such statement is relied upon and financial loss sustained by the person so relying. The record discloses that on September 10, 1932, a warrant issued; that it was returned September 12th showing defendant in custody; that on September 12th the case was called and defendant arraigned; that he waived the reading of the complaint and pleaded not guilty. There were several adjournments, and on October 25th the case was called and several witnesses sworn who testified on behalf of the state. So far as the return upon the writ discloses, the "case was called" on that date, and this, standing alone, might be taken to indicate that it was called for trial; but the transcript of testimony is labeled "Hearing on preliminary examination," and this is what the proceedings evidently were. No jury was impaneled nor was there a waiver of jury trial, and it is a fair conclusion that the proceedings simply constituted a preliminary examination. Jeopardy did not attach under the rule as stated in *State v. Gilmer,* 202 Wis. 526, 232 N. W. 876, that "jeopardy does not attach until the accused is 'put on trial,'" nor was defendant's situation that described in *McDonald v. State,* 79 Wis. 651, 653, 48 N. W. 863. "'Jeopardy' is the situation of a prisoner when a trial jury is impaneled and sworn to try his case upon a valid indictment (or information), and such jury has been charged with his deliverance."

The fact that a jury was neither impaneled nor waived, together with such other evidence as the record discloses, indicates that the hearing on October 25th was a preliminary examination, and under these circumstances defendant was not in jeopardy under the rule of *Campbell v. State,* 111 Wis. 152, 86 N. W. 855. Defendant relies upon *Belter v. State,* 178 Wis. 57, 189 N. W. 270. In that case defendant was charged with a misdemeanor in the lower branch of the municipal court of Langlade county. Upon complaint being read, he pleaded guilty and was sent to jail until the following day at 9 a. m., at which time he was to be brought into court for sentence. The next day the court ordered the record certified to the upper branch of the municipal court which had jurisdiction to try felonies. In that court an information was duly filed making the same charge, and upon a plea of guilty defendant was sentenced to a term in the state prison under a statute providing that if it was ascertained after conviction that there had been a prior conviction, there might be an increase in the penalty. It was held upon appeal that when defendant pleaded guilty and thus waived a trial upon the merits, and the court accepted this plea, defendant was thereby placed in jeopardy, and the trial court had no jurisdiction except to sentence the prisoner. It was further held, in response to a contention by the state that the proceedings in the lower court simply amounted to a preliminary hearing, that the plea of guilty to the offense as charged "did away with the necessity of any preliminary hearing or any hearing whatsoever." It was also held that since the trial court had jurisdiction to try the defendant and to sentence him upon the charge contained in the information, there was no purpose in having a preliminary examination, and no right on the part of the defendant to insist upon such an examination.

Upon the authority of this case it is urged that the acceptance of a plea of not guilty committed the county court to trying the offense; that the proceedings in the county

court cannot be considered a preliminary examination because the court, having jurisdiction to try the offense under sec. 343.41, which was impliedly included in the felony charge, there was no occasion for a preliminary examination and no right in the defendant to have one. This contention is without merit. In the *Belter Case* the defendant, by pleading guilty, waived trial and subjected himself to a sentence upon his plea. The court having accepted the plea, and having found defendant guilty, defendant was clearly in jeopardy. While the rule is usually stated to be that a defendant is not in jeopardy until a jury has been duly impaneled and charged with his deliverance, it seems also to be the rule that the conviction or acquittal by any competent tribunal, whether after a jury trial or not, is sufficient to satisfy the requirements of jeopardy. *Kepner v. United States,* 195 U. S. 100, 24 Sup. Ct. 797.

It is not necessary at this time to determine at what point in the trial of a criminal cause before the court without a jury, prior to the termination of the trial by a finding upon the merits, jeopardy attaches, if indeed it attaches in such a trial prior to such a finding. It is enough to state that in this case it does not appear that there was a waiver of jury trial, or that any trial on the merits before the county court was ever contemplated or commenced. The contention that the court, having jurisdiction to try the misdemeanor charge which was necessarily included within the felony charge, had no occasion to conduct the preliminary examination, has no merit for the reason that the court derived its jurisdiction to bind over and to hold a preliminary examination from the fact that the complaint sufficiently charges a felony. The fact that it necessarily includes a misdemeanor charge would not rob the county court of jurisdiction to hear and bind over. The situation was quite different in the *Belter Case.* There the only offense charged in the complaint was a misdemeanor, and the lower court had full jurisdiction to try.

The increased penalty imposed by the upper branch of the municipal court was under the provisions of a statute based on former convictions, and not upon facts alleged in the information increasing the grade of the offense from that of a misdemeanor to a felony. It is concluded that the motion to dismiss the appeal must be denied.

The complaint is in eleven counts. In substance the charge is that defendant, for the purpose of inducing two banks in the city of Eau Claire to make loans, filed with them a false statement of his assets and liabilities, and that the banks were deceived into giving credit to their loss. The charge is that defendant "did then and there designedly, falsely, fraudulently and feloniously represent and pretend to said State Bank of Eau Claire that he, the said P. J. Chambers, was then and there worth a considerable sum of money and had considerable amount of property, and did exhibit a financial statement showing he was worth a considerable sum of money, to wit, in excess of $100,000, when the said P. J. Chambers knew that he was not worth the amount exhibited in said financial statement; and that the said State Bank of Eau Claire, believing and relying on the false representations made by said P. J. Chambers and being then and there deceived and induced thereby, was induced to make said loan to said P. J. Chambers, and did then and there deliver to P. J. Chambers the sum of $5,000, and the said P. J. Chambers did designedly, falsely, fraudulently and feloniously obtain from said State Bank of Eau Claire by means of said false, fraudulent and felonious representations aforesaid, the sum of $5,000 in money, the property of said State Bank of Eau Claire, whereas in truth and in fact the said P. J. Chambers was not then and there worth the sum of money exhibited by said financial statement, and that the said P. J. Chambers knowingly exhibited said financial statement when he was not worth that sum, as exhibited by said financial statement, contrary to section 343.25 of the Wis-

consin Statutes." Each count refers to a different loan, but the offenses charged are identical.

Sec. 343.25 provides:

"Any person who shall designedly, by any false pretenses or by any privy or false token and with intent to defraud, obtain from any other person any money, goods, wares, merchandise, or other property, or shall obtain with such intent the signature of any person to any written instrument, the false making whereof would be punishable as forgery, shall . . . be punished," etc.

Sec. 343.41 penalizes as a misdemeanor "any person who shall, directly or indirectly, designedly make or cause to be made any false signed statement in writing, in reference to his assets or liabilities, or both, . . . for the purpose of . . . procuring credit in any form." This section was enacted by ch. 265, Laws of 1905, as sec. 4438$h$, and the crime therein defined was made a felony under the act as originally enacted. It was designed to create a crime that did not exist under sec. 343.25, then sec. 4423. The law was repealed by ch. 297, Laws of 1915, and sec. 343.41 substituted, changing the offense from a felony to a misdemeanor.

While the complaint sufficiently charges a felony under sec. 343.25, it is also sufficient to charge a misdemeanor under sec. 343.41. The comment in *Laev v. State*, 152 Wis. 33, 139 N. W. 416, is applicable here. "It is utterly impossible to commit a crime under sec. 4423 [sec. 343.25] in the form and manner in which it was committed in this case without also committing one under sec. 4438$h$ [sec. 343.41]." The evidence, however, did not sustain the felony charge, but simply was to the effect that defendant, with intent to procure credit, filed a deliberately false statement of assets, and that he received credit from the banks as a result of such false statement, to the loss or prejudice of the banks. There is no evidence of intent to defraud and no obtaining of money, goods, wares, and merchandise such as is necessary

to maintenance of the felony charge. *Bates v. State,* 124 Wis. 612, 103 N. W. 251. It is not necessary to labor this point, since the state makes no contention that there was any evidence to sustain the felony charge. It is the contention of the state that if, upon such preliminary examination, any offense is disclosed, the defendant may be bound over, even though the felony charge is not sustained and the evidence points only to a misdemeanor.

The state relies upon the rule that a district attorney, in filing an information in the circuit court, is not limited by the complaint, but may file an information setting forth the crime committed according to the facts ascertained upon the preliminary examination. *Dahlgren v. State,* 163 Wis. 141, 157 N. W. 531; *Bianchi v. State,* 169 Wis. 75, 171 N. W. 639; *O'Keefe v. State,* 177 Wis. 64, 187 N. W. 656; *Jones v. State,* 184 Wis. 50, 198 N. W. 598; *Faull v. State,* 178 Wis. 66, 189 N. W. 274; *State ex rel. Kropf v. Gilbert,* 213 Wis. 196, 251 N. W. 478; *Hobbins v. State,* 214 Wis. 496, 253 N. W. 570.

It is the further contention that since the preliminary examination indicated that defendant was probably guilty of misdemeanors under sec. 343.41, he was properly bound over and the district attorney was free to file an information charging an offense under that section. The difficulty with the state's contention is that as to the first eight counts the statute of limitations has run upon the offenses there charged.

Sec. 353.22 provides:

"Any prosecution by indictment, information or otherwise for a criminal offense not punishable by imprisonment in the state prison must be commenced within three years after the commission thereof, unless otherwise provided by law."

The eighth count, which states the most recent offense of the first eight counts, fixes the time of the offense as May 16, 1929. The prosecution was commenced September 10, 1932.

As to the three remaining counts, the examining magistrate found that no offense had been committed and these have no materiality or bearing upon this appeal. The situation with respect to these counts is quite different from that involved in *Hobbins v. State, supra*. There the examining magistrate properly bound the defendant over as to several counts and dismissed as to several others. It was held that the right of the district attorney thereafter to file an information based upon the dismissed counts of the complaint could not be limited by the view of the examining magistrate that the evidence was insufficient to warrant holding for trial upon these counts. In the *Hobbins Case,* however, defendant was properly bound over, and could not have been released upon a writ of *habeas corpus*. Here, as we hold, the examining magistrate was not warranted in holding defendant for trial upon the first eight counts, and declined to hold him upon the last three. There was consequently no basis for holding defendant in custody, and the order of the circuit court for his discharge was entirely proper.

*By the Court*.—Order affirmed.