*In re* the petition of PETER KEENAN for a writ of
Habeas Corpus, and to be discharged from
imprisonment.

The circuit court has the power to set aside a verdict after conviction in a crim-
inal case, and award a new trial on the application of the defendant.

The re-trial of a defendant in a criminal case, after a former conviction has been
set aside upon his own application, is not putting him twice in jeopardy for
the same cause.

The supreme court, on the reversal of a judgment of the circuit court in a crim-
inal case on a writ of error brought by the defendant, may order a new trial,
and such new trial is not putting the defendant twice in jeopardy for the same
cause.

This power, in cases of felony, is exercised in *favorem vitae*, and should be
maintained.

The prisoner having been convicted of manslaughter in
the first degree in the circuit court of Iowa county, brought a
writ of error to this court, upon which the judgment of the
court below was reversed and a new trial ordered.   Thereup-
on the prisoner applied for this writ, claiming to be discharged
on the ground that he could not be again put in jeopardy.
The facts of the case are all stated in the opinion of the
court.

*Samuel Crawford,* for the petitioner.

*G. Bouck,* Attorney General, for the state.

*By the Court,* COLE, J.   This was an application to this
court, at its present term, for a writ of *habeas corpus* to dis-
charge the petitioner from imprisonment.   The material facts
necessary for a proper understanding of the case, may be
briefly stated as follows:

The prisoner was indicted for murder, was legally arraigned, pleaded not guilty, and was tried at the regular term of the circuit court for Iowa county, upon a good and valid indictment, and by a lawfully impanelled and qualified jury; was found guilty of manslaughter, and was sentenced to imprisonment in the state prison for seven years. The cause was brought to this court by petitioner upon a writ of error, and at the last term the judgment of the circuit court was reversed, and a new trial ordered. The ground upon which the judgment was reversed, was that two of the jurors separated from their fellows during the trial, and we were of the opinion that on the trial of capital cases, where the jury thus separates, it is incumbent on the prosecution to show that such separation was not followed by any improper conduct on their part, nor by any circumstance calculated to exert an unfavorable influence upon the verdict; and unless this was made to appear to the satisfaction of the court below, the conviction should be set aside. It is now insisted that the prisoner is illegally held in imprisonment, and should be discharged; that this court erred in ordering a new trial, for the reason, as is contended, that the petitioner, having been once tried upon a good indictment and a lawfully constituted jury, cannot be again tried without putting him twice in jeopardy of punishment for the same offence, within the spirit and meaning of section eight of article one of the constitution of this state, and of article five of the amendments to the constitution of the United States. It is obvious, therefore, that the question arising upon this state of facts is simply whether the court, upon reversing a judgment in a capital case, on account of misbehavior of the jury or error committed by the judge, during the trial, (which is a sufficient cause for setting aside the conviction,) can order a new trial in the case, or whether the person convicted must be discharged. This is quite a serious question as affecting the administration of

criminal law, but fortunately it is not a new question, as it has been frequently raised and discussed, under one aspect or another, in the courts of our sister states, having constitutional provisions substantially like our own. Even this court, upon reversing the judgment of the circuit court, in capital cases, has repeatedly assumed and exercised, without hesitation, the authority of ordering a new trial. The question as to the power of the circuit court to grant a new trial in a criminal case, when the offence amounted to a felony, was distinctly presented to this court in a very recent case, that of the *State of Wisconsin vs. Parrott*, reported to this court by the circuit court of Columbia county. In that case a person was indicted for a felony, and was properly tried, and found guilty by the jury. A motion was made by his counsel for a new trial, upon the merits, for the reason that the evidence was insufficient to sustain the verdict. The circuit court was dissatisfied with the verdict, and thought it ought to be set aside; but the prosecution objected on the ground that the circuit court could not award a new trial in such a case. The case was thereupon reported to this court, for a decision of the question as to whether that court could grant a new trial in the case, and we were all clearly of the opinion that it could. On that occasion we examined with considerable diligence the authorities upon this question, and more particularly the case of the *United States vs. Gilbert*, 2 Sumner, 19, where a contrary doctrine is asserted. We were unable to concur in the principle and reason of that decision, and think it cannot be sustained. It appears to us that Judge Story, in that case, does not properly discriminate, in his examination of this subject, between the case where application for a new trial is made on behalf of the person convicted or where it is made upon the part of the prosecution. The clause in the constitution of the United States which declares that no person shall be subject, for the same offence, to be twice put in

jeopardy of life or limb, he maintained, prohibited a new trial when there had already been a regular trial and verdict, and that it was wholly immaterial whether the verdict was one of acquittal or conviction. That a person who has been tried for a felony and *acquitted* should not be subject to a second trial for the same offence, seems clearly consistent with reason and authority. But how can it be said that it is repugnant to the principles of the constitution and the maxims of the common law to grant a person convicted a new trial upon his own application? The maxim, *Nemo bis debet vexari pro una et eadem causa,* was established and applied in criminal cases for the benefit of the accused, and to protect him against a second prosecution, when his innocence had been determined by the verdict of a jury. But to say that the spirit and reason of this rule or maxim prevents a court from granting a new trial when asked for by a convicted person, to relieve himself from the jeopardy in which he is already, is, in our judgment, an unwarranted assumption. In the case of the *People vs. Morrison,* 1 Park. C. R., 625, where this subject is fully examined and numerous cases cited, Harris, J., says: "Thus it appears that in eighteen states the power to grant new trials is asserted and maintained, and there is no reason to believe that this singular uniformity of decision and practice has been departed from in a single instance in any state." See the cases cited in the note to the case of *Commonwealth vs. Green,* in 2 Bennett, and Heard's Leading C. C., p. 490. It appears to us to be perfectly well settled that courts have the power to grant a new trial after conviction, for good cause, upon the application of the prisoner, when the offence amounts to a felony, and it would seem to be right and proper *in favorem vitae* that this practice should be asserted and maintained. And in principle we can see no difference whether a new trial is granted in the court below, upon the direct application of the convicted person, or whether

it is ordered by this court on reversing a judgment for error. The prisoner applies to this court to reverse the judgment rendered against him in the circuit court because he has been improperly convicted. Had he made application to that court to set aside the verdict because two of the jury separated from their fellows during the trial, it would have been the duty of the court to have granted the motion, and to have ordered a new trial. But he preferred bringing the case here by writ of error, and though he does not ask formally for a new trial, yet this is the practical consequence of his application to this court to set aside the judgment for error in the proceedings in the court below.

It follows from the view we have taken of this case, that the application of the petitioner to be discharged from imprisonment must be denied, and he must be remanded to the custody of the sheriff of Iowa county, to abide his trial in the circuit court upon the indictment found against him.