McLain, Plaintiff in error, vs. The State, Defendant in error.

*November 21—December 8, 1914.*

*Rape: Evidence: Sufficiency: "Utmost resistance."*

1. To constitute rape there must be an entire absence of consent, and there must be the utmost resistance by the woman by all means within her power.
2. "Utmost resistance" is a relative term; and what would constitute such resistance on the part of a weak, nervous, and timid person might be the veriest sham on the part of a healthy, robust, and courageous person.
3. The evidence in this case as to nonconsent and resistance is *held* sufficient to sustain a conviction of rape.

ERROR to review a judgment of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Dillon & Tomkins,* and oral argument by *A. Pearce Tomkins.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *John F. Hooper.*

WINSLOW, C. J.    The plaintiff in error (hereinafter called the defendant) was convicted of rape, and brings error to reverse the judgment.    Some claims are made of error in the rulings on evidence, but they are clearly untenable and we do not deem it necessary to specifically treat them.    The claim that the evidence is not sufficient to sustain a conviction for rape will be briefly treated.

The evidence shows without dispute that the prosecutrix and the defendant were acquaintances for about ten years and were about twenty and twenty-two years of age respectively, and resided at the village of Fence in Forest county, Wisconsin; that they met accidentally at the railroad station at Armstrong in said county in the early morning of April 18, 1911, the station being about eight miles from Fence; that defendant had a horse and buckboard buggy and offered the prosecutrix a ride with him to Fence, which she accepted; that the country between the two places is thickly wooded and unsettled, there being but one farm house on the road; that after driving about five miles the defendant stopped the horse and got out of the buggy. • At this point the stories of the two participants radically disagree.    The prosecutrix testifies in substance that the defendant took her forcibly from the buggy, threw her on the ground, and had sexual intercourse with her, notwithstanding the fact that she made every effort in her power to resist the attack.    The defendant, on the other hand, testifies that they talked the matter over and that the prosecutrix voluntarily consented to the intercourse.    After the act was consummated the parties got in the buggy and

proceeded to Fence, where the prosecutrix was left at her own home at about 12 o'clock.    She has no mother, and after dinner she went to her aunt's house (a walk of about ten minutes), where a ladies' society was having a meeting.    After the meeting she walked home with a girl friend, to whom she first told the story.    The friend told her mother, and this prosecution was commenced on the following day.

It is undoubtedly true, as claimed by the defendant, that in order to constitute the crime of rape there must not only be the entire absence of consent, but there must be the utmost resistance by the woman by all means within her power. *Brown v. State,* 127 Wis. 193, 106 N. W. 536.    It is said that such resistance is not proven in this case.    The court is of opinion, after careful consideration of the evidence, that this contention must be overruled.

The offense here was committed on a lonely road in the woods, at a place where no outcry could reach the ears of any one.    The prosecuting witness testifies that the defendant took her forcibly from the buggy, though she cried, took hold of the wheels, and resisted with all her strength; that she was having her menstrual flow at the time and was weak and nervous; that he threw her down on the ground, holding both her arms under her shoulder with his right arm, and then accomplished his purpose, although she fought, pleaded, and cried, and tried to protect herself from outrage to the utmost of her strength.    It is undisputed that her drawers were torn down on the right side and that the defendant did it.    There is also some corroborating testimony by one witness to the effect that she observed red marks on the wrists and arms of the prosecutrix on the night of the offense.

It must be remembered that the term "utmost resistance" is a relative rather than a positive term.    What would be "utmost resistance" on the part of a weak and nervous person, with a temperament easily frightened, might be the veriest sham on the part of a robust person in good health, whose nerves and courage are normal.

The jury and the trial judge had the advantage of seeing both parties upon the witness stand; and the jury has said under proper instructions that there was the utmost resistance on the part of the prosecutrix. The trial judge not only refused to set aside this verdict, but expressed himself as satisfied that the defendant had been justly convicted.

Under the circumstances this court does not consider that it should disturb the verdict.

*By the Court.*—Judgment affirmed.

SIEBECKER, J., dissents.