ABALY, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 26—June 13, 1916.*

*Criminal law: Sodomy: Evidence: Competency: Other offenses: Reputation: Corroboration: Instructions to jury: Alibi: Unfair trial: Reversal of conviction.*

1. Upon a trial for sodomy, it was error to permit the defendant to be asked on cross-examination whether he did not have improper relations with a certain person, naming him, other than the complaining witness.

VOL. 163 — 39

2. The state in making its case proved that the alleged offense was committed on March 13th and upon no other day. The main defense was an *alibi*, and there was strong evidence thereof. On rebuttal the state undertook to show that the complaining witness might have been mistaken as to the day and that the crime might have been committed on some other day. The court charged the jury that the vital question for them to determine was whether defendant committed the crime upon any day in March. *Held*, that even if there was no affirmative error in such charge (a point not decided) the jury should have been further instructed that if the testimony of the complaining witness was correct as to the date and if the evidence of an *alibi* was sufficient to prove the defendant's absence from the city on that date, or raised a reasonable doubt as to his presence, he was entitled to be acquitted.

3. It was error in this case to refuse a requested instruction to the effect that the jury should use great caution in weighing the testimony of the complaining witness, that it is ordinarily unsafe to convict upon the uncorroborated testimony of an accomplice, and that upon the actual commission of the crime charged the complaining witness was not corroborated by any other witness.

4. Testimony that the reputation of the defendant was bad was incompetent, where the witness based his opinion of such reputation upon stories and talk which he had heard after the prosecution had been commenced.

5. Where, upon the whole record, the supreme court is convinced that the defendant did not have a fair trial, and is unable to say that justice has been done, a new trial should be ordered.

ERROR to review a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Reversed*.

*L. H. Bancroft,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. F. Baker* and *J. E. Messerschmidt,* assistant attorneys general, and oral argument by *Mr. Messerschmidt*.

KERWIN, J. The plaintiff in error, hereinafter called the defendant, was convicted of an offense specified in sec. 4591, Stats. The case is here for review on errors assigned.

1. Error is assigned in permitting the prosecuting attorney to cross-examine the defendant upon matters not relevant to the issue. The offense was alleged to have been committed at Richland Center, Richland county, Wisconsin, with the complaining witness on the 13th day of March, 1915. The prosecuting attorney was permitted under objection, on cross-examination of defendant, to examine him at great length as to alleged conversations and relations with persons other than the complaining witness with whom it was alleged in the indictment he committed the offense charged. In pursuance of this cross-examination defendant was asked, among other things, whether he did not have improper relations with a certain person, naming him, other than the complaining witness. This was improper.

It is further assigned that the court erred in its charge to the jury. The state in making its case proved that the alleged offense was committed March 13, 1915, and upon no other day. After the defendant had proved by very strong evidence that he was not in Richland Center on the 13th, hence could not have committed the crime on that day, the state undertook to prove on rebuttal that the complaining witness might have been mistaken as to the day and that the crime might have been committed on some other day. The court charged the jury that the vital question for them to determine was whether the defendant committed the crime upon any day in the month of March. This charge is complained of. While we are of opinion that the charge was correct as an abstract rule of law, in the instant case we are not able to say that it did not prejudice the defendant.

The question whether the charge was misleading in view of the state of the evidence is not entirely clear. The evidence of the complaining witness is very positive that the offense was committed on the exact day named in the information. The defendant then introduced evidence tending to show that he was not in Richland Center at the time stated and the

*alibi* was the main defense.   If the complaining witness's evidence was correct as to time of commission of the offense, then the question of particular date became more important than in the ordinary case, and if the evidence of the *alibi* were sufficient to prove the defendant's absence from the city on that particular date or raised a reasonable doubt as to his presence, the defendant was entitled to be acquitted.

Without holding that there was affirmative error in giving the instruction referred to, we think, in view of the state of the evidence, that there should be, in case of another trial, some such additional instruction as is suggested above.

The court charged the jury that it was for them to determine whether the evidence of the complaining witness was corroborated, and refused to give the instruction requested by counsel for defendant to the effect that in considering the testimony of the complaining witness the jury should use great caution in weighing his testimony, and that it is ordinarily unsafe to convict upon the uncorroborated testimony of an accomplice, and upon the actual commission of the crime charged against the defendant the complaining witness is not corroborated by any other witness.

It was prejudicial error to refuse this instruction.   There was no evidence corroborating that of the complaining witness upon the actual commission of the crime charged. While one accused of crime may be convicted upon the testimony of an accomplice alone, there is often great danger of injustice being done the accused in convicting upon such evidence, and the court may properly direct an acquittal where the case of the state rests upon such evidence alone.   *Porath v. State,* 90 Wis. 527, 63 N. W. 1061; *Ingalls v. State,* 48 Wis. 647, 4 N. W. 785; *Mack v. State,* 48 Wis. 271, 286, 4 N. W. 449; *Murphy v. State,* 124 Wis. 635, 102 N. W. 1087.   In *Mercer v. Wright,* 3 Wis. 645, it was held that the jury ought not to convict upon the uncorroborated evidence of an accomplice but that they may lawfully do so.

A doctor was also .permitted to testify that the reputation of defendant was bad, basing his opinion of defendant's reputation upon stories .and talk which he had heard after the prosecution of this case had been commenced.    This evidence was incompetent and should have been excluded.

Several other errors are assigned and discussed by counsel for defendant, but since they are not likely to occur upon another trial we shall not consider them.    Sufficient has already been said to show that prejudicial error was committed upon the trial.

Upon the whole record we are convinced that the defendant did not have a fair trial and we are unable to say that justice was done him.    Under such circumstances the defendant should have a new trial.    *Prinslow v. State,* 140 Wis. 131, 121 N. W. 637; *Lonergan v. State,* 111 Wis. 453, 87 N. W. 455.

*By the Court.*—The judgment and conviction are reversed, and the cause remanded for a new trial.