Smith, Plaintiff in error, vs. The State, Defendant in error.

*April 6—May 8, 1928.*

For the plaintiff in error there was a brief by *Reilly & O'Brien,* and oral argument by *Frank W. Cosgrove,* all of Fond du Lac.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *L. E. Gooding,* district attorney of Fond du Lac county, and oral argument by *Mr. Messerschmidt* and *Mr. Gooding.*

Eschweiler, J. In June, 1927, the defendant was brought to trial upon an information charging in one count the unlawful possession on March 12th of privately distilled manufactured intoxicating liquor, and by the second count

the unlawful selling on March 9th of intoxicating liquor. His then plea in abatement to the second count was sustained. Motions at the close of the testimony to direct a verdict of not guilty and that the defendant be discharged were each denied and a verdict of guilty on the first count was returned. Thereafter certain written motions on defendant's behalf were interposed and disposition of the case continued to June 20th.

On June 20th the court, for the stated reason that the evidence was insufficient as to proof of the illicit character of the liquor, granted a new trial and fixed the time for September 22d.

On September 22d, when the case was called, defendant interposed a plea in bar of former jeopardy to the then prosecution on the same information upon which he had been tried in June, in that thereby he became immune from such further prosecution by art. I, sec. 8, Const.

The sole question here presented is whether or not there was interposed on defendant's behalf, in June, a motion for a new trial, or whether defendant's then procedure was limited to a request for a directed verdict of not guilty and a discharge of the defendant. No question is raised but that if the trial court did, at defendant's request, after the first trial grant a new trial, the plea of former jeopardy is of no avail, because of the established law that such granting of a new trial is a waiver of possible former jeopardy. *In re Keenan,* 7 Wis. 695; *Benedict v. State,* 14 Wis. 423, 429; *State v. Parish,* 43 Wis. 395, 401; *Jackson v. State,* 55 Wis. 589, 593, 13 N. W. 448; *Von Rueden v. State,* 96 Wis. 671, 676, 71 N. W. 1048; *Montgomery v. State,* 136 Wis. 119, 128, 116 N. W. 876; 8 Ruling Case Law, p. 160; 16 Corp. Jur. 259.

It is contended on behalf of the defendant below that if in fact a motion for a new trial was made, the making of such a motion was an error or oversight of his counsel and for

which he should not stand charged, or the ruling of the trial court at the first trial being to the effect that there was wanting evidence sufficient to prove a necessary element for conviction, that defendant was thereupon entitled, as a matter of law, to an acquittal rather than to a new trial.

The record is silent as to the precise motions that were made on the day the first trial closed or on the adjourned hearing. It does disclose, however, from statements in the record made by counsel, that the verdict was set aside and a new trial ordered. This was in accord with the court's recollection of there being an oral motion for a new trial.

No subsequent effort was made to amend the record or to present a different situation than that so above recited. The trial court evidently assumed, in disposing of the plea of abatement, that such was the correct understanding of the prior proceedings, and we can see no grounds upon which we can disturb such ruling.

The plea in bar at the second trial of alleged former jeopardy was properly overruled, and the cases cited by defendant are not in point.

*By the Court.*—Judgment affirmed.