VARGA, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 4—April 29, 1930.*

*W. J. Kershaw,* attorney, and *Willard A. Bowman* of counsel, both of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *John P. Donnelly,* assistant district attorney, and oral argument by *Adelbert J. Beyer,* deputy district attorney.

OWEN, J. The plaintiff in error, hereinafter called the defendant, assigns no procedural errors, nor errors in con-

nection with the submission of the case to the jury. The errors assigned all go to the point that the evidence does not support the verdict.

The evidence on the part of the State consists of the testimony of George Bruckner, the offended though not the complaining witness, who testified to facts constituting the offense. His testimony finds some corroboration in the proved penchant of the defendant, who was forty-three years of age, for the society of young boys. The defendant denied the commission of the offense, and there was testimony on the part of other boys to the effect that they were in defendant's room at the time the offense is claimed to have been committed, and that George Bruckner was not present at the time.

It is argued that the testimony of Bruckner, taken in connection with his testimony given on the preliminary examination, where many questions were answered by him to the effect that he did not remember, was so unsatisfactory as to discredit it entirely and to leave the verdict without any support in the evidence. His testimony upon the trial was plain, straightforward, direct and to the point, that the defendant committed the offensive act of which he was convicted. Granted that the circumstances referred to tended to discredit his testimony, it was clearly within the function of the jury to determine whether he was telling the truth upon the trial, or whether he was evasive and prevaricating when he claimed he did not remember upon the preliminary examination. The circumstances alluded to did not read his evidence out of the case or discredit it as a matter of law. It was necessary that his testimony be read in connection with other testimony in the case, and the balancing of this testimony was clearly a jury function. *State v. Hintz,* 200 Wis. 636, 229 N. W. 54.

It is claimed by the defendant that the verdict rests upon the uncorroborated testimony of an accomplice. Even though Bruckner can be considered an accomplice—a doubt-

ful question,—it was entirely within the province of the jury to find him guilty upon the uncorroborated testimony of Bruckner. *Abaly v. State,* 163 Wis. 609, 158 N. W. 308. The Reports of this court abound with records where convictions have been sustained upon evidence no stronger than that here presented. *McLain v. State,* 159 Wis. 204, 149 N. W. 771; *Skulhus v. State,* 159 Wis. 475, 150 N. W. 503; *O'Keefe v. State,* 177 Wis. 64, 187 N. W. 656; *Wilson v. State,* 184 Wis. 636, 200 N. W. 369; *Cobb v. State,* 191 Wis. 652, 211 N. W. 785; *Richards v. State,* 192 Wis. 20, 211 N. W. 669. The fact that the jury found the defendant guilty after deliberating but twenty-two minutes indicates that they had very little doubt concerning the defendant's guilt.

There was no abuse of discretion on the part of the trial judge in denying the motion for new trial upon the ground of newly-discovered evidence.

*By the Court.*—Judgment affirmed.