STATE, Respondent, vs. PERLIN, Appellant.

*December 10, 1954—January 11, 1955.*

530

532

For the appellant there were briefs by *Schroeder. &
Schroeder* of Milwaukee, attorneys, and *Henry P. Hughes*
of Oshkosh of counsel, and oral argument by *Robert W.
Schroeder, William A. Schroeder,* and by *H. S. Humke* of
Sheboygan.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and
*James D'Amato,* district attorney of Waukesha county, and
oral argument by *Mr. Platz* and *Mr. D'Amato.*

MARTIN, J.   Appellant's first assignment of error is that
the trial court considered the statement of Barbara Perlin,
admitted for impeachment purposes, as corroboration of
Joanne's testimony and as affirmative proof of defendant's
guilt.

The record shows that in discussing the examination of
Barbara on her statement the district attorney said, "This
is impeaching testimony, your Honor, and this is proper
cross-examination."  The court replied, "I suppose strictly
for impeaching purposes and not direct proof.  Go ahead."

In the trial court's decision it stated, "The testimony of
Joanne ————— is positive and direct.  It is denied by
defendant, yet her testimony is corroborated. . . . The defendant, of course, denies testimony of Joanne —————,
but her testimony is strongly corroborated by the testimony

of Barbara Perlin. . . . *I am not considering testimony taken that is not in the record. That isn't any part of it. I'm talking about her testimony on the stand* corroborating (Joanne ————)."

Appellant argues that none of Barbara's testimony corroborates Joanne as to the essentials of the charge. Obviously, acts such as the defendant is charged with are never committed openly and it is hardly likely that corroborating testimony may be obtained as to the specific acts. But Barbara's testimony did corroborate Joanne in a number of respects: That on October 27th defendant mixed cocktails and gave them to the girls when they went up to Barbara's bedroom; that on this occasion Joanne had a brandy or whiskey and water; that the defendant did come into the girls' bedroom that night; that she left the bedroom while her father was there with Joanne; that she told her father, "You don't have to take it out on my girl friends." Defendant corroborated Joanne's testimony that Barbara fell out of bed while he was in the room.

Barbara's statement to the district attorney did in fact impeach her testimony in so far as it conflicted with Joanne's story that the defendant got into bed with the girls. In so far as her testimony was unimpeached, it did corroborate Joanne.

This court has held that no corroborating testimony is required in a case of this kind, *Varga v. State* (1930), 201 Wis. 579, 230 N. W. 629; and this is particularly true where the testimony of the minor victim is straightforward and consistent and no motive is shown which would have caused her to testify falsely. The trial court was the trier of the fact in this case and the credibility of Joanne's testimony was a matter for it to determine. *State v. Evjue* (1949), 254 Wis. 581, 37 N. W. (2d) 50.

Appellant's second assignment of error is that the court improperly admitted the testimony of defendant's immoral conduct and lewd conversation with girls other than the

complaining witness. The record shows that defendant's counsel made no objection on that ground at the trial and made no motion thereafter to strike the evidence. As a matter of fact, during the testimony of one of the girls referred to, counsel objected to a question on the ground that it called for a conclusion of the witness, stating, "Asking what was he referring to is a conclusion. She can state what he said, but not what he was thinking."

Count 3 of the information charges that defendant's acts of November 4th contributed to the delinquency of Joanne —————————. One of the other girls testified as to immoral acts of the defendant when she was dancing with him; another testified as to his lewd conversation while several of the girls, not including Joanne, were riding in a jeep with him that night.

Appellant urges that evidence of immoral conduct with persons other than the complaining witness is not admissible, but we consider the evidence here, being of acts bearing such a close relationship in both time and character to the specific conduct with which defendant is charged, is such as to show that the crime charged grew out of a general state of mind and was part of a general pattern of conduct indulged in by the defendant on the night in question, and is admissible as part of the *res gestae*.

"The decisions are in accord that, unless it forms a part of the *res gestae*, evidence of sexual offenses committed against others than the prosecuting witness is inadmissible in a prosecution for taking indecent liberties with child." Anno. 167 A. L. R. 622.

It is finally contended that defendant has been deprived of his constitutional right to a fair and impartial trial upon competent evidence. The contention rests largely upon the argument that the trial court erroneously admitted and considered evidence which was inadmissible as discussed above.

Appellant concedes that there is ordinarily a presumption that the trial court acted only upon competent evidence. We are not convinced that such presumption is rebutted in this case.

In addition to the questions submitted on the admissibility of the evidence, however, appellant asserts that the trial court was confused as to the dates and construed the evidence of misconduct on November 4th as corroborative of the testimony of Joanne as to the events of October 27th. The argument is based upon the court's decision, but we find therein no evidence of such confusion. There were three charges in the information. Joanne gave positive testimony on all three. The remarks made orally by the trial court in its decision are rather general and relate to corroboration on all counts. There is some reference to one point in the testimony where the court apparently had the November 4th incidents in mind when the events being testified to were those that occurred on October 27th, but the record shows that the district attorney made such fact clear.

It is significant to note in this connection that upon preliminary examination of Joanne by the district attorney, the defendant's counsel interjected, "I think it would be well to consolidate the testimony on both counts. I'm willing to stipulate to that. Then you can examine her on both matters and make it simpler." Later on the district attorney, completing his examination of Joanne on the events of November 4th, indicated he would examine her later as to October 27th, and defendant's counsel again stated, "I would just as soon consolidate them. It makes them easier if you examine both at the same time." Thus, if any confusion arose out of this situation, it was invited by defendant's counsel.

Appellant states in his brief, after some comment regarding the mental and professional ability of a court which is primarily a traffic court, "The entire record of this trial

reflects a situation which can only be described as a blot upon the administration of justice." If defendant considered the court incompetent he could have filed an affidavit of prejudice but he did not do so.

There is a further complaint that a proper transcript was not prepared. We can only say that defendant's counsel was apparently satisfied with it since he signed the stipulation settling the bill of exceptions.

Some argument is also made to the effect that the trial court improperly denied defendant's request for a lie-detector test. The argument is entirely without merit. Sec. 165.04 (1), Stats., provides for analysis of evidence submitted to the crime laboratory by defendants upon approval of the court, but it does not require the services of the lie detector where requested by defendants. In any event, results of such a test are not evidence admissible upon trial. *LeFevre v. State* (1943), 242 Wis. 416, 8 N. W. (2d) 288.

Reference was made in oral argument to a statement sent by the district attorney to the trial court and counsel after trial and before decision. The record fails to disclose any facts with regard to this. Defendant's counsel did not mention it in his motion for a new trial, nor did he call attention to it in the brief filed in this court, and we cannot now consider it.

*By the Court.*—Judgment affirmed.