STATE, Respondent, v. SCHMEAR, Appellant.

*June 4—June 25, 1965.*

128

For the appellant there was a brief and oral argument by *John B. Grogan* of Fort Atkinson.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

HALLOWS, J.   The first contention of the defendant asserts there is insufficient credible evidence to sustain the verdict of guilty especially in respect to the resistance of the complaining witness. On appeal the test of the sufficiency of the evidence is whether there is sufficient credible evidence to meet the burden of proof to convince a jury beyond a reasonable doubt of the guilt of the defendant. *State v. Stevens* (1965),[1] 26 Wis. (2d) 451, 132 N. W. (2d) 502; *State v. Johnson* (1960), 11 Wis. (2d) 130, 104 N. W. (2d) 379; *State v. John* (1960), 11 Wis. (2d) 1, 103 N. W. (2d) 304.

[1] This rule is sometimes stated in terms of "any credible evidence to sustain the verdict." See *State ex rel. Isham v. Mullally* (1961), 15 Wis. (2d) 249, 112 N. W. (2d) 701, and *State v. Morrissy* (1964), 25 Wis. (2d) 638, 131 N. W. (2d) 366. But as pointed out in *Stevens,* such statement of the rule must be understood in reference to the burden of proof in criminal cases and to mean credible evidence sufficient to convince a jury beyond a reasonable doubt. See also *Welsher v. State,* post, p. 160, 135 N. W. (2d) 849.

The crime of rape is defined in sec. 944.01 (1), Stats., as intercourse with a woman other than one's wife by force and against her will, which by sub. (2) of the section means "her utmost resistance is overcome or prevented by physical violence or that her will to resist is overcome by threats of imminent physical violence likely to cause great bodily harm." The gist of the complaint is not that the victim's will was overcome by threats but that her utmost resistance was overcome.

The statutory definition of "by force and against her will" is a codification of the prior existing law. The statement in the older cases of the rule of the sufficiency of the victim's resistance in vigorous terms of counterforce and utmost resistance was justified on the ground of the great difficulty of a defendant in defending himself from such a charge because there usually were no witnesses and the only possible defense was a direct denial or the willingness of the woman. *State v. Hoffman* (1938), 228 Wis. 235, 280 N. W. 357; *Brown v. State* (1906), 127 Wis. 193, 106 N. W. 536; *Purpero v. State* (1926), 190 Wis. 363, 208 N. W. 475. However, the extreme statement or the last-ditch effort of "utmost resistance" appearing in *Brown v. State* relied upon by the defendant has been qualified and softened by *McLain v. State* (1914), 159 Wis. 204, 206, 149 N. W. 771, wherein it is stated that utmost resistance is a relative term to be considered in reference to the physical and mental character of the victim. While the law requires the utmost resistance as evidence of the woman's will, the law does not require the useless or the impossible.

The facts do not present a strong case for conviction and some are sordid and repulsive. No good purpose is served by detailing them but we believe they are sufficient to support the conviction. The defendant contends and testified he had no physical intercourse with the complaining witness but admits all the preliminaries including the removal of her blue

jeans and panties. In his brief the defendant argues cooperation and consent. The complaining witness' testimony is to the effect she attempted to repulse the defendant when he made physical advances to her while the car was stopped on the country road. She slid off the seat onto the car floor and attempted to escape by opening the door at her back and she fell out of the car. The defendant fell on top of her. She cried and became hysterical and when her hands were free she tried to hit the defendant and push him away. The defendant put his hand over her mouth to prevent her from screaming. There was evidence of blood and semen both on the complaining witness' clothing and on the defendant's clothing. Considering such evidence in the light of the age, height, and weight of the parties and the circumstance of the defendant's driving the complaining witness toward Madison, a jury could find beyond a reasonable doubt that further resistance was useless and futile and the act of rape was committed.

The defendant points out evidence from which a jury could infer consent such as the complaining witness' clothing was not torn and she received no scratches or bruises. This is negative testimony and far from conclusive of consent. It is also argued the complaining witness consented because she was so unconcerned after the alleged attack as to look for a lost earring in the grass. The doctrine of utmost resistance prescribes no course of conduct after penetration and we fail to see how the searching for an earring and in the process memorizing the license on the car after the completion of the attack are any evidence of consent. Her testimony of being upset, agitated, and hysterical, however, is supported by the attendant of the filling station where she ran as soon as she got out of the car on the outskirts of Madison approximately 25–30 miles from the place of the attack. She immediately complained to the police that she had been raped.

It is intimated by the defendant the complaining witness was angry with him because he gave her only a dollar in the car. The dollar was apparently given by the defendant for cab fare as he was not taking the complaining witness any farther than the outskirts of Madison. After driving the complaining witness some 50 miles from Waukesha it is strange the defendant would not drive her another few miles to her destination in the city if he was not worried about the alleged rape. At least the jury was entitled to draw the inference.

Statement of many evidentiary facts has been omitted but the record contains sufficient evidence which if believed and rationally considered by a jury could convince it of the guilt of the defendant beyond a reasonable doubt. To reverse, this court would be required to say the evidence is so insufficient as a matter of law that no jury could be convinced beyond a reasonable doubt of the defendant's guilt, which this court is not prepared to do. While some members of this court might, if they were the triers of the fact, come to a different conclusion than that which the jury did, such fact is not the test of reversal on appeal.

The defendant complains the trial court abused its discretion in not allowing him to cross-examine the complaining witness as thoroughly and to such length as he desired, especially concerning the nature of the neighborhood in which she lived in Chicago and in reference to certain streets. It is contended a liberal cross-examination would show a neighborhood which would be indicative of the complaining witness' courage, nerve, ability to resist, and her character. An examination of the record shows the defendant was allowed an extensive cross-examination on these points; perhaps not to the complete extent he wished but, nevertheless, extensive. The extent of a cross-examination lies within the discretion of the trial court. *Nehls v. Nehls* (1963), 21 Wis. (2d) 231, 124 N. W. (2d) 18; *Musha v. United States Fidelity &*

*Guaranty Co.* (1960), 10 Wis. (2d) 176, 102 N. W. (2d) 243; and *Smith v. Atco Co.* (1959), 6 Wis. (2d) 371, 94 N. W. (2d) 697. We find no abuse of discretion.

Error is cited by the defendant in the admission of testimony of the crime-lab technician, who testified as to the presence of blood and semen stains on certain items of clothing worn by the defendant and also on clothing worn by the complaining witness on the night of the alleged rape. It is contended the admission of this evidence was prejudicial error because an examination was not made for other stains and to determine whether the blood and semen stains on the complaining witness' clothing was the same as the stains on the defendant's clothing. The defendant does not claim the opinion is not that of an expert but that it is too limited to be probative. The trial court has wide discretion in admitting opinion evidence of expert witnesses. *Kreyer v. Farmers' Co-operative Lumber Co.* (1962), 18 Wis. (2d) 67, 117 N. W. (2d) 646. The failure to examine for insignificant stains which would be immaterial does not render inadmissible material evidence. The failure to identify the blood or semen as coming from the defendant does not raise a question of admissibility but of the weight to be given to the evidence.

The defendant claims impropriety existed in respect to contact with the jury and argues a deputy sheriff and an assistant district attorney drove the jury from the courthouse three blocks to a country club for dinner while it was deliberating. The record does not support the claim.

Lastly, the defendant contends he has been placed in double jeopardy contrary to both the Fifth amendment to the constitution of the United States and sec. 8, art. I of the constitution of the state of Wisconsin which forbid placing a person twice in jeopardy of punishment for the same offense. When the defendant was first tried by the circuit court and found guilty he was committed to the state department of public welfare in accordance with sec. 959.15, Stats., of

the sex-deviate law for a presentence social, physical, and mental examination. After sixty days he was returned to the court with the report he did not need treatment and, therefore, could be sentenced and committed to prison. It was at that time the trial court discovered the jury had been improperly waived and it had no jurisdiction to sentence the defendant. The defendant made a motion for a mistrial at the suggestion of the court but the court vacated its judgment of conviction and ordered a new trial.

Consequently, the defendant is in error in considering the presentence examination as a punishment sentence on a conviction. But even if the defendant had been serving a sentence in prison it would not foreclose a second trial because of double jeopardy where the conviction of the trial court is reversed for error. We do not reach the question of whether the Fifth amendment of the constitution in respect to double jeopardy now applies to state courts by virtue of the Fourteenth amendment. Up to the present it has been considered that the Fifth amendment as to double jeopardy is not so applicable. *Bartkus v. Illinois* (1959), 359 U. S. 121, 79 Sup. Ct. 676, 3 L. Ed. (2d) 684, rehearing denied 360 U. S. 907, 79 Sup. Ct. 1283, 3 L. Ed. (2d) 1258; *Brock v. North Carolina* (1953), 344 U. S. 424, 73 Sup. Ct. 349, 97 L. Ed. 456; *Palko v. Connecticut* (1937), 302 U. S. 319, 58 Sup. Ct. 149, 82 L. Ed. 288; *United States ex rel. Battle v. Fay* (D. C. N. Y. 1963), 219 Fed. Supp. 798. But assuming the Fifth amendment were applicable and federal case law applied to state criminal proceedings, the defendant's contention is without merit. In federal prosecutions a defendant is not placed in double jeopardy within the meaning of the Fifth amendment of the United States constitution when he is retried after a new trial has been granted because of error in the first trial. *Forman v. United States* (1960), 361 U. S. 416, 80 Sup. Ct. 481, 4 L. Ed. (2d) 412; *Green v. United States* (1957), 355 U. S. 184, 78 Sup. Ct. 221, 2 L. Ed.

(2d) 199, 61 A. L. R. (2d) 1119; *Bryan v. United States* (1950), 338 U. S. 552, 70 Sup. Ct. 317, 94 L. Ed. 335.

Basically there are at least two theories which deny the defendant's contention he had been placed in double jeopardy. The first is the theory of the continuity of the proceeding and is well explained in *State v. Witte* (1943), 243 Wis. 423, 10 N. W. (2d) 117. This theory contemplates one legal trial and there is but one continuing jeopardy until the defendant has had a valid trial free from reversible error for the offense charged. The defendant is entitled to be legally convicted or acquitted and until that stage is reached continuity of the jeopardy exists. The second trial because of error or invalidity of the first trial is but the continuation in legal contemplation of the criminal proceeding and there is no second or double jeopardy. This theory has recently been recognized and affirmed in *State v. Kennedy* (1962), 15 Wis. (2d) 600, 113 N. W. (2d) 372. It is immaterial whether the new trial is granted on the motion of the defendant or on the court's motion or whether the reason is merely irregularity or invalidity of the proceedings. See 85 A. L. R. (2d) 486; Anno. New Trial—Court's Own Motion. Some of the older cases in Wisconsin discussing this problem are *In re Keenan* (1859), 7 Wis. 588 (*695) ; *State v. Martin* (1872), 30 Wis. 216, 11 Am. Rep. 567; *Smith v. State* (1928), 196 Wis. 102, 219 N. W. 270.

The second theory is the waiver doctrine which is somewhat inconsistent with the first theory and it is based on the principle that a defendant cannot ask for and receive a new trial on grounds of error or invalidity and then inconsistently claim he was placed in jeopardy in the first trial. *Oborn v. State* (1910), 143 Wis. 249, 126 N. W. 737; 15 Am. Jur., Criminal Law, pp. 89–91, sec. 427. Implicit in the request for a new trial must of necessity be a waiver of the objection of the defendant to the new trial on the ground of double jeopardy. Obviously, this theory is particularly applicable to

those cases wherein the defendant requests the new trial. The first theory better explains a retrial upon a reversal of an acquittal secured by the state.

The defendant claims that all he asked for was a mistrial but the trial court granted him a new trial. The trial court cannot be foreclosed from granting the relief which necessarily follows from the request for a mistrial. A mistrial is not a judgment of acquittal and, therefore, normally the defendant should expect to be tried again. Early in the history of this state it was held it was not error for a court to grant a new trial because the defendant had not asked for it. *In re Keenan, supra.*

*By the Court.*—Judgment and order affirmed.