STATE, Appellant, v. ELKINTON, Respondent.

*No. State 107. Submitted November 2, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 28.)

For the appellant the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Burleigh A. Randolph*, district attorney of La Crosse county.

For the respondent the cause was submitted on the brief of *Marvin H. Davis* of La Crosse.

ROBERT W. HANSEN, J.   The defendant contends, and the trial court agreed, that granting the defense motion

for a mistrial precluded the state from proceeding in a new trial on the same charge. This would make the granting of a motion for mistrial in a criminal case the exact equivalent, in its implications and consequences, of an acquittal. That is not the law, and never has been.

Before the trial court and on appeal, defendant argues that proceeding with a new trial after a mistrial was declared takes from him what the United States Supreme Court has held to be "a defendant's valued right to have his trial completed by a particular tribunal." [1] A fuller quotation from the case in which the phrase was used indicates the situations in which the right referred to is to be subordinated to other rights involved. The high court said:

". . . The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. . . . a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." [2]

The public interest and rights involved in fair trials and just judgments was noted in a more recent United States Supreme Court case dealing with the same point of law:

". . . Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one

---

[1] *Wade v. Hunter* (1949), 336 U. S. 684, 689, 69 Sup. Ct. 834, 93 L. Ed. 974.

[2] *Id.* at pages 688, 689.

whose guilt is clear after he has obtained such trial. . . ."[3]

Where, as in the case before us, the defendant makes the motion for mistrial, no balancing of rights or interests is involved.[4] If an element of option can arise in certain situations, it does not do so where the defendant elects to move for mistrial, and not to have the case proceed before the jury impaneled. In this situation, the defendant is not denied an option. He has exercised it.

Similarly, where the declaring of the mistrial is in the interests of the defendant, no question of competing rights arises.[5] Even where the jury is properly discharged and a mistrial declared without the defendant's consent,[6] except for situations attributable to prosecutorial or judicial overreaching,[7] the United States Supreme Court holding is clearly that:

[3] *United States v. Tateo* (1964), 377 U. S. 463, 466, 84 Sup. Ct. 1587, 12 L. Ed. 2d 448.

[4] ". . . If Tateo had *requested* a mistrial on the basis of the judge's comments, there would be no doubt that if he had been successful, the Government would not have been barred from retrying him. . . ." *Id.* at page 467.

[5] *Gori v. United States* (1961), 367 U. S. 364, 369, 81 Sup. Ct. 1523, 6 L. Ed. 2d 901, stating: ". . . Suffice that we are unwilling, where it clearly appears that a mistrial has been granted in the sole interest of the defendant, to hold that its necessary consequence is to bar all retrial. . . ."

[6] *United States v. Jorn* (1971), 400 U. S. 470, 480, 91 Sup. Ct. 547, 27 L. Ed. 2d 543, stating: ". . . a mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent would be too high a price to pay . . . ."

[7] *Id.* at page 485, stating: ". . . where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. . . ."

". . . Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment. . . ." [8]

The trial court held that "jeopardy has attached," and the defendant, placed in jeopardy at a first trial, cannot be tried again. Constitutional provisions against double jeopardy [9] do not prohibit retrial after mistrial, because of the continuity of the proceeding or jeopardy involved. Discussing this "theory of the continuity of the proceeding," this court has explained:

". . . This theory contemplates one legal trial and there is but one continuing jeopardy until the defendant has had a valid trial free from reversible error for the offense charged. The defendant is entitled to be legally convicted or acquitted and until that stage is reached continuity of the jeopardy exists. The second trial because of error or invalidity of the first trial is but the continuation in legal contemplation of the criminal proceeding and there is no second or double jeopardy. . . . It is immaterial whether the new trial is granted on the motion of the defendant or on the court's motion or

As to what "overreaching" might be, the United States Supreme Court has stated: "If there were any intimation in a case that prosecutorial or judicial impropriety justifying a mistrial resulted from a fear that the jury was likely to acquit the accused, different considerations would, of course, obtain." *United States v. Tateo, supra,* at page 468, fn. 3.

[8] *Gori v. United States, supra,* at page 368.

[9] The fifth amendment of the United States Constitution provides:

". . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; . . ."

Art. I, sec. 8, Wisconsin Constitution, provides:

". . . [N]o person for the same offense shall be put twice in jeopardy of punishment. . . ."

whether the reason is merely irregularity or invalidity of the proceedings. . . ." [10]

Wisconsin follows the "continuity of the proceeding" approach in finding no double jeopardy in retrial after mistrial.[11] The alternative theory is the waiver theory, followed in some jurisdictions,[12] which would as effectively bar defendant's claim to immunity from retrial on this record. Under either theory, a defendant cannot ask for and receive a new trial on grounds of error or invalidity and then claim that he cannot be retried.

Finding here a "continuity of the proceeding," with no intervening abandonment by the state of its right to proceed with retrial, we hold that the trial court erred in denying the state the right to proceed with a retrial of the defendant on the burglary charge after his motion for mistrial was granted. It follows that the trial court order dismissing the case must be set aside, and the state held to be entitled to proceed with retrial of the defendant.

*By the Court.*—Order reversed, and cause remanded for a new trial.

[10] *State v. Schmear* (1965), 28 Wis. 2d 126, 135, 135 N. W. 2d 842.

[11] *Salters v. State* (1971), 52 Wis. 2d 708, 715, 191 N. W. 2d 19, stating:

". . . In order for there to be validity to the assertion of double jeopardy there would have to be a judgment of acquittal or conviction or a dismissal of the charges and then a second prosecution begun on the basis of the same offense. . . ." (Citing with approval, *State v. Schmear, supra.*)

[12] *See:* 21 Am. Jur. 2d, *Criminal Law,* pp. 253–255, secs. 209 and 211, for a discussion of the waiver theory where the prior proceeding has been attacked by the defendant.