BIZZLE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 106. Submitted under sec. (Rule) 251.54 November 1, 1974.—Decided November 26, 1974.*
(Also reported in 223 N. W. 2d 577.)

---

732

The cause was submitted for the plaintiff in error on the brief of *Anthony S. DeMark* and *Wratten, Dana & DeMark,* all of Racine, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *David J. Becker,* assistant attorney general.

ROBERT W. HANSEN, J. The sole claim of error is as to the trial court's refusal to give a requested instruction directing the jury to examine testimony given by an accomplice ". . . with the utmost care and caution . . . ." [1] The trial court held that witnesses for the state, Joe Bennie King and Anthony Wooten, were not

---

[1] Wis J I—Criminal, Part I, 245.

accomplices of the defendant on a charge of first-degree murder.

The issue presented is resolved and the claim of trial court error is negatived by the holding of this court in *Cheney v. State*.[2] There the trial court gave a portion of the accomplice instruction, but not all of it.[3] There, as here, the testimony of two state witnesses was involved. The case involved the fire bombing of a building in Milwaukee. One state witness, Robert Schmidt, who had been granted immunity, testified that defendant placed gasoline and a piece of pipe with fuses attached inside the building that was bombed. The other state witness, Phil Kasik, told of a conversation he had had with defendant after the bombing incident and testified that defendant gave him a pipe bomb. This court held that Schmidt was an accomplice, but that Kasik was not.[4] However, as to the testimony of both witnesses, this court, in *Cheney*, found their testimony to be corroborated.[5] An earlier case, where there was no corroboration, was distinguished.[6] The corroboration consisted of pipe fragments found in the bombed building.[7] In the case

---

[2] (1969), 44 Wis. 2d 454, 171 N. W. 2d 339, 174 N. W. 2d 1.

[3] *Id.* at page 467.

[4] *Id.* at page 467.

[5] *Id.* at page 468.

[6] *Id.* at pages 467, 468, this court distinguishing *Abaly v. State* (1916), 163 Wis. 609, 158 N. W. 308, where this court, finding prejudicial error in a refusal to give a requested instruction on accomplice testimony, held: " '. . . There was no evidence corroborating that of the complaining witness upon the actual commission of the crime charged. While one accused of crime may be convicted upon the testimony of an accomplice alone, there is often great danger of injustice being done the accused in convicting upon such evidence . . . .' "

[7] *Id.* at page 468, this court holding: "Defendant's reliance on *Abaly* is misplaced for, in the instant case, there was corroboration. The arson inspector testified that he recovered pipe fragments from the rear of the Allied store—the place where Schmidt testified that defendant placed the pipe bombs." Additionally, on

before us, similar corroboration is present in the shotgun shell found near the body of the victim and the shotgun shell, fired from the same shotgun,[8] found in the park where the two state witnesses testified that the shotgun was test-fired.[9] With corroboration found to be present in this record, there was no requirement that the trial court give the standard instruction as to testimony of accomplices. As this court held in *Cheney*, this particular instruction ". . . is aimed at the situation where the state's case against the accused consists of nothing more than the accomplice's testimony. . . ."[10] That was not the situation in *Cheney*. It is not the situation here. Corroboration being present, regardless of whether either of the two state witnesses, King or Wooten, could here be claimed to be an "accomplice," *i.e.*, "a participant in the particular crime charged,"[11] it was not error in this case for the trial court to refuse to instruct the jury as to the weight to be given accomplice testimony.

*By the Court.*—Judgment affirmed.

motion for rehearing in *Cheney*, this court further stated: ". . . The testimony of the arson investigator that he recovered pipe fragments from the rear of the Allied store was in corroboration of Schmidt's testimony because there was testimony that these fragments were similar to the pipes which Kasik testified were turned over to him by Cheney." *Id.* at page 471.

[8] The shell found near the victim and the shell found in the park were identified by a state crime laboratory employee as having been fired from the same shotgun. A few days after the killing, the shotgun involved was thrown into Lake Michigan and never recovered.

[9] A child who lived near the Racine park where King and Wooten stated that the shotgun was test-fired, testified that she found a shotgun shell in the park the day after she heard shots in the park on the day of the shooting.

[10] *Cheney v. State, supra*, footnote 2, at page 467.

[11] *Id.* at page 467, this court holding: "It is clear that Kasik was not an accomplice in the true sense of the word since he was not a participant in the particular crime charged. . . ." Citing 23 C. J. S., *Criminal Law*, pp. 4–7, sec. 786 (2).